UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 22-mj-30269
        Hon. Gershwin A. Drain

JERRAD COLTEN MENIFIELD,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE ON BOND PENDING TRIAL [ECF NO. 15]**

**I.    INTRODUCTION**

Defendant Jerrad Colten Menifield is charged by complaint with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On June 13, 2022, Magistrate Judge Kimberly Altman ordered Defendant detained finding the Government established by clear and convincing evidence there is no condition or combination of conditions of pretrial release that will reasonably assure the safety of any person and the community. ECF No. 10, PageID.17.

Now before the Court is the Defendant's Motion for Release on Bond Pending Trial, filed on September 16, 2022. Defendant argues Magistrate Judge Altman erred in ordering detention because the offense charged is not assaultive,

he was not engaged in any other criminal activity, he has strong family ties to the community, and has a residential opportunity if he is released. He further argues that he suffers from a host of medical ailments as a result of a terrible car accident that occurred four years ago, and his medical conditions cannot be adequately treated by the Livingston county jail staff. He also complains the jail staff do not adequately control the spread of COVID-19 in the facility.

The Government filed a Response on September 29, 2022, opposing Defendant's present motion. The Government counters that Defendant's motion should be denied because he represents both a danger to the community and a risk of non-appearance at future proceedings. The Court held a hearing on September 30, 2022. For the reasons that follow, the Court denies Defendant's Motion for Release on Bond.

## II. FACTUAL BACKGROUND

### A. The Offense

Around midnight on June 10, 2022, on West 7 Mile Road in Detroit, Michigan, Defendant was driving a Cadillac with a firearm on his person, namely a Glock 22 handgun, with a high-capacity extended magazine loaded with 19 rounds of .40 caliber ammunition. Officers pulled Defendant over for driving five miles over the posted speed limit. The officers approached the vehicle and spoke with Defendant. One officer saw Defendant's firearm inside the car and informed his

partner. At that point, Defendant put the vehicle in drive and sped away at a high rate of speed. The officers requested assistance from a police helicopter. Defendant was located on the front law of a residence as he attempted to get into another vehicle driven by a female occupant. Upon arrest, Defendant refused to give the officers his name. In addition to the handgun, the officers recovered Percocet pills in Defendant's car. The firearm is unregistered.

### B. Defendant's Background

Defendant was born in Detroit, Michigan, and has lived in Michigan most of his life. He is 32 years old. He was involved in a car accident four years ago and claims to suffer from acute thoracic pain from a bulging disc in his back, hip replacement due to dislocation and arthritis in the right hip joint, partial amputation of the right hand, chronic post-traumatic headaches, and tendinitis of the left rotator cuff, which purportedly necessitates attendant care in a home setting and is beyond the scope of the Livingston county jail to provide.

Defendant's mother and sister live in Michigan, and he was living with his mother at the time of the instant offense. Defendant's mother has offered to serve as a third party custodian for Defendant.

Defendant has a lengthy criminal history, which began in 2007 at the age of 17 when he participated in an unarmed robbery. He has engaged in criminal conduct on a near continual basis ever since. Defendant has nine criminal

convictions in Michigan, arrests in Minnesota, Pennsylvania, and Tennessee for driving under the influence of alcohol and drugs.  His convictions include aggravated domestic violence in 2011, drug trafficking and possession and maintaining a drug house in 2010, 2011, 2013 and 2019.

Defendant was on bond for a state firearms offense at the time he committed the instant offense.  Specifically, in March of 2021, Defendant's landlord and the landlord's friend attempted to serve Defendant with an eviction notice at the landlord's rental property (that Defendant occupied). When the victim attempted to serve Defendant, he opened the door armed with a pistol and brandished the weapon at the landlord's friend in a threatening manner. The landlord and friend reported the incident to the police, who arrived at the house a short time later.  The officers found Defendant outside standing in a neighbor's driveway. Defendant repeatedly ignored commands to remove his hands from his pockets, but eventually complied and was detained. Officers searched the area where Defendant was standing and found a pistol under the tire of the neighbor's truck. Defendant was charged in state court with assault with a dangerous weapon, felony firearms, and habitual offender and was given a bond.

Then, a few months later, in May, 2021 (while Defendant was on pretrial bond), the landlord was inside her rental home on Buffalo Street conducting repairs when Defendant arrived in a vehicle and proceeded to use a pole to smash

windows of the home and the taillights of the landlord's vehicle. Defendant then kicked down the door to the home and entered while the landlord ran to the back of the house and hid in a closet. When the landlord felt that Defendant had passed by the closet, she ran out of the house in terror and fled in her vehicle. Defendant was charged with malicious destruction of a building, malicious destruction of personal property, and breaking and entering the home. A preliminary hearing was held in October of 2021, and Defendant was released on bond.

Defendant also has a history of violating the terms of his probation, including leaving the state without permission and getting arrested for driving while intoxicated in Pennsylvania and Tennessee.

### C. Detention Hearing

At the hearing on June 13, 2022, Magistrate Judge Altman determined the Government had proven with clear and convincing evidence that there is no condition or combination of conditions that can reasonably assure the safety of the community if Defendant were to be released pending trial.  Specifically, Magistrate Judge Altman found as to the nature and circumstances of the instant offense, that this case is not a run of the mill felon in possession case.  She noted Defendant was on bond for a serious state firearms offense, sped away from the officers, failed to identify himself and was found in possession of a very dangerous weapon.  As to the weight of the evidence, Magistrate Judge Altman relied on Defendant's

5

continuous failure to abide by the terms of his probation and his outstanding warrants for drunk driving in other states. She acknowledged Defendant's strong ties to the community and his family's support. She also noted Defendant's nearly unbroken chain of criminal conduct since his youth. She stressed that he was on bond for a firearms offense at the time he committed the instant offense. For all of these reasons, she found that detention was warranted.

### III. LAW & ANALYSIS

#### A. The Bail Reform Act

Title 18 U.S.C. § 3145(b) allows the district judge to review an order detaining a defendant. It is a *de novo* hearing. *U.S. v. Jones*, 804 F.Supp. 1081 (S.D. Ind. 1992); *U.S. v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Generally, in order for a defendant to be detained, the government must establish the (1) "risk of flight by a preponderance of the evidence" or (2) "dangerousness to any other person or the community by clear and convincing evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Pre-trial detention shall be ordered only if a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions which will reasonably assure the appearance of the person and the safety of the community, the district court must make findings based on the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g).

### B. Nature and Characteristics of the Charged Offense

This Court agrees with Magistrate Judge Altman's conclusion that this case does not represent the run of the mill felon in possession case. Defendant was on bond for a state firearms offense, yet he continues to possess an unregistered, highly dangerous firearm, and when caught, he fled at a dangerous level of speed, and failed to identify himself once he was apprehended. This factor favors detention.

### C. The Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *Stone*, 608 F.3d at 948. The fact that Defendant possessed a gun while he was on state pretrial bond is strong and compelling evidence that he will not abide by any bond conditions set by this Court and will continue to seek out and possess

illicit firearms and act in a manner that places the public in danger. This factor also favors detention.

### D. History and Characteristics of the Defendant

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Here, Defendant is a lifelong resident of the community and has family support. Defendant has been unemployed since his car accident and receives social security disability benefits. Defendant was living with his mother during the instant offense. Defendant has a chronic criminal history that includes acts of violence with firearms and repeated violations of his conditions of probation and bond (including leaving the state of Michigan to engage in criminal activity).

8

Based on the foregoing considerations, the Court agrees that this factor weighs in favor of detention.

### E. The Nature and Seriousness of the Danger Posed by Defendant's Release

The fourth factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4). Defendant was on pretrial bond for two crimes when he possessed yet another gun in this case and fled from police. Defendant's dangerousness is demonstrated by his use of a firearm to assault his landlord's friend in March, 2021, and his attack on the landlord's rental property just two months later in May, 2021. The fact that Defendant was arrested a short time later with yet another gun while on bond for those offenses demonstrates further that Defendant remains a danger even when he is released on conditions. For all of the reasons explained above, this factor weighs in favor of detention.

Finally, Defendant's reasons for pretrial release are unpersuasive. As an initial matter, Defendant's records do not support his assertion that he has a "residential opportunity waiting for him through Above and Beyond Orthopedics[.]" *See* ECF No. 15, PageID.59. The letter attached to Defendant's motion indicates Above and Beyond Orthopedics is willing to offer Defendant residency once "all legal matters are resolved." *Id*. Next, Defendant's claim that the Livingston County jail cannot provide the medical care he needs is likewise not

supported by the record. *Id.*, PageID.56-57. Defendant's medical records reveal that he was evaluated in April of 2022 at the Michigan Head & Spine Institute. *Id.* His medical plan calls for physical therapy and household replacement services for housework involving bending, lifting, twisting, and prolonged standing. *Id.* This does not suggest he requires attendant care at home as represented in his motion. *Id.* at PageID.32.

The Court notes that Defendant's medical conditions are not so severe as to have prevented him from committing crimes, dealing drugs, possessing guns, assaulting people, destroying property, breaking and entering a home, or fleeing police. Defendant's physical condition simply does not alleviate his dangerousness or risk of flight. Defendant's argument about contracting COVID-19 due to an inability to utilize proper mitigation strategies in a custodial setting is unavailing. "Generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to release a defendant on bond. *United States v. Ramadan*, Case No. 20-1450, 2020 WL 578015, * (6th Cir. 2020); *see also United States v. Bazemore*, No. 19-20531, 2020 WL 1934927, *1 (E.D.MI April 22, 2020) (defendants' "generalized concerns about the risk of contracting the virus do not warrant their release pending trial . . . ."). Defendant offers no unique facts or special circumstances justifying his release due to COVID-19, and none of his

medical conditions appear to be risk factors for complications from contracting COVID-19.

As such, there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant at future proceedings or that will reasonably assure the safety of the community.

## IV.   CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion for Release on Bond Pending Trial [#15] is DENIED.

SO ORDERED.

Dated:  September 30, 2022                /s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 30, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

11